RECEIVED
IN LAKE CHARLES, LA

MAR 24 2011

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:04 CR 20127-04 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| BORIS G. BYNUM | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the court is a Motion to Correct Judgment (Rec. Doc. 200) filed by the defendant, Boris G. Bynum ("Bynum").

Bynum asserts that the court has authority to reduce his sentence pursuant to Fed.R.Crim.P. 36. Rule 36 provides that the court may at any time, after giving whatever notice it deems appropriate, correct a *clerical error* in the judgment. (Emphasis added). The rule authorizes the court to correct only such errors that exist because " 'the court intended one thing but by merely clerical mistake or oversight did another.' " *See United States v. Steen*, 55 F.3d 1022, 1025-26 n. 3 (5th Cir.1995) (quoting *Dura-Wood Treating Co. v. Century Forest Indus., Inc.*, 694 F.2d 112, 114 (5th Cir.1982)).

Bynum asserts that this court "gave notice to the parties of its intent that it [his sentence] be fashioned in a manner so as to allow Defendant Bynum 11 months credit towards its 46 month sentence." Bynum does not cite to any portion of the record to support this claim. The transcript of the sentencing does not contain evidence of this purported "notice" given by the court. The sentencing transcript indicates that Bynum was sentenced to forty-six (46) months on Count 1 to run

consecutively to any undischarged term of imprisonment,[1] which at the time of the sentencing was approximately eight (8) years.[2]

A review of the record yields no evidence that the judgment contains a clerical error. It appears that the court intended the judgment to say exactly what it says.[3]

Accordingly, the defendant's motion to correct the judgment will be denied.

Lake Charles, Louisiana, this 23 day of March, 2011.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[1] Sentencing transcript, p. 5, lines 15-19.

[2] Sentencing transcript, p. 4, line 19.

[3] The defendant appealed the computation of his sentence through administrative process. The finding of the prison administration determined that the court specifically stated that the sentence was ordered to run consecutive to any other sentence and that this contradicted Bynum's claim. (Rec. Doc. 200-1). Yet, in the current motion Bynum states that the BOP specialist assigned to investigate his claim informed the defendant that his sentence was being calculated incorrectly. This statement is contradicted by the evidence submitted.